IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.B. BLACK SPN # 01214826, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-928 |
| AARON BURDETTE, | § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Plaintiff J.B. Black is a pre-trial detainee currently confined in the Harris County Jail. Black, *pro se*, filed this lawsuit under 42 U.S.C. § 1983 against Aaron Burdette, the prosecutor in his criminal case. Docket Entry No. 1. Based on a careful review of the complaint pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B), the Court **DISMISSES** this lawsuit as frivolous.

I. **Background**

Public records indicate that Plaintiff is a defendant in the 174th Judicial District Court of Harris County, Texas, charged with insurance fraud in Harris County case number 1629964.[1] Plaintiff alleges that Burdette and the Harris County District Attorney's Office charged him with making a false statement to obtain credit,

---

[1] *See* Harris County Sheriff's Office website, *available at* https://www.harriscountyso.org/JailInfo/HCSO_FindSomeoneInJail.aspx, last visited Mar. 16, 2020.

and his bond was set at $75,000. Black alleges that when he made bond, Burdette asked that it be raised to $200,000 and made a racial comment to Black's attorney inquiring whether his "boy" could make that bond. Docket Entry No. 1 at 7. Black also alleges that Burdette relied on a defective indictment in another case to get his bond raised. He also complains that he had to wear an ankle bracelet even though his family lives here and he has owned a local business for many years. Id.

## II. **Legal Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* id.; *see also* 28 U.S.C. § 1915A. An action is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

## II. Discussion

Black brings this claim against the prosecutor in his criminal case, claiming that he falsely incarcerated Black, causing him to suffer lost wages, humiliation, and mental anguish based on defective indictment that did not have Black's correct first name. Black's claim against Burdette fails because prosecutors are absolutely immune to suit for actions taken in the course of pursuing the State's case. See Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). Furthermore, a prosecutor's intent is irrelevant as long as his acts are connected to the initiation and course of a prosecution. See Imbler v. Pachtman, 96 S. Ct. 984, 993-95 (1976); see also Burns v. Reed, 111 S. Ct. 1934, 1941-42, 1943-44 (1991) (holding that a prosecutor is absolutely immune for acts connected to the prosecution of a case but not for advising police in an investigation).

The Supreme Court has recognized that, without absolute immunity for actions in the course of prosecuting cases, suits against prosecutors "could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate." Imbler, 96 S. Ct. at 992. Further, the Fifth Circuit has declined to impose an exception to absolute immunity for egregious acts for prosecutors' conduct that occurs "in the

3

exercise of their advocatory function." <u>Cousin v. Small</u>, 325 F.3d 627, 635 (5th Cir. 2003) (citing <u>Imbler</u>, 96 S. Ct. at 995).

Here, Black's complaints center on Burdette's allegedly racially-charged comment to his attorney and the raising of bond beyond what Black could pay based on what Black claims was a defective indictment. Notwithstanding the prosecutor's choice of words, his actions in advocating for a higher bond plainly occurred in his exercise of the advocatory function. Therefore, Burdette is immune for the conduct alleged, *see* <u>Cousin</u>, 325 F.3d at 635, and this section 1983 case is subject to dismissal as frivolous.

### III. ORDER

Based on the foregoing, it is hereby

**ORDERED** that this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) as frivolous; it is further

**ORDERED** that Plaintiff's pending motion to proceed *in forma pauperis* (Docket Entry No. 3) is **GRANTED**, and, pursuant to 28 U.S.C. § 1915(b), the Harris County Jail shall deduct twenty percent of the preceding month's income credited to Plaintiff J.B. Black's inmate trust fund account and forward payments to the court on a monthly basis until the filing fee obligation of $350.00 for this case is paid in full.

**This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.**

The Clerk of Court will also provide a copy of this Order to the Plaintiff and to the Inmate Trust Fund Manager for the Harris County Jail, 1200 Baker Street, Houston, Texas 77002.

SIGNED at Houston, Texas, on this 21ST day of March 2020.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE